

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

March 8, 2017

The Honorable Daphne Session
Houston County Attorney
401 East Houston Avenue, 2nd Floor
Crockett, Texas 75835

Opinion No. KP-0135

Re: Whether time spent as a county employee may be considered in determining county longevity pay when the employee becomes an elected officer (RQ-0127-KP)

Dear Ms. Session:

You ask whether time spent as a county employee may be considered in determining county longevity pay when the employee becomes an elected officer.[1] You tell us that Houston County (the "County") adopted an employee handbook in 2002 that is applicable to all employees and public officials. *See* Request Letter at 1. You also tell us that the county commissioners court amended the handbook in 2008 to adopt a longevity policy, effective October 1, 2008. *See id.* You state that the longevity pay policy applies to "employees, those appointed by Commissioners Court, and elected officials." *Id.* at 2. You also state that the policy was again amended on August 9, 2016, to "codify the ongoing practice of paying longevity pay to elected officials." *Id.* You inform us that there are currently six elected county officials who had been county employees prior to being elected to public office. *See id.* (identifying the number of years six county officeholders were county employees prior to their election). You inform us further that each of the elected officials began receiving longevity pay in December of 2008 and each year thereafter without any interruption in that longevity pay. *See id.*

After the issuance of Attorney General Opinion KP-0060, you are concerned whether the "longevity pay for elected officials who were formerly county employees . . . would constitute retroactive pay." *Id.* at 1, 2–3. Opinion KP-0060 considered the continuation of longevity pay for a county employee who became a county officer when the county's longevity pay did not include county officers. *See* Tex. Att'y Gen. Op. No. KP-0060 (2016). The opinion recognized that the constitution's prohibition against extra compensation would prohibit the new county officer from receiving longevity pay under a policy that did not provide for it. *See id.* at 2. But the opinion acknowledged a county commissioners court could adopt a new longevity pay policy that included county officers on a prospective basis. *See id.*

---

[1] *See* Letter from Honorable Daphne Session, Houston Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 2 (Sept. 7, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Texas Constitution, article III, section 53 forbids paying "any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part." TEX. CONST. art. III, § 53. This office consistently recognizes that article III, section 53 prohibits the retroactive awarding of compensation. *See* Tex. Att'y Gen. Op. Nos. KP-0060 (2016) at 2 (recognizing that longevity pay may not be granted retroactively), JC-0376 (2001) at 2 (acknowledging that salary increases may not be granted retrospectively). The key concern under article III, section 53 is that public funds are not used to pay an individual an additional amount for services already rendered. *See* Tex. Att'y Gen. Op. Nos. JC-0370 (2001) at 2 ("[A] county may not retroactively award or increase compensation."), JC-0026 (1999) at 2. A policy operates prospectively when a benefit becomes a term of employment and employees receive the benefit only for work performed after the benefit is established as a term of employment. *See* Tex. Att'y Gen. Op. No. DM-129 (1992) at 3–4 (discussing a sick leave pool).

A county commissioners court sets the compensation, as well as all other allowances, for county and precinct officers and employees paid wholly from county funds. *See* TEX. LOC. GOV'T CODE § 152.011. Compensation under section 152.011 can include longevity pay. *See* Tex. Att'y Gen. LO-96-007, at 1–2. Longevity pay provides extra compensation based on the amount of time served. *See, e.g., id.* at 2 (Longevity pay is "an incremental increase in salary based on length of service."). In the context of article III, section 53, it is not payment for an employee's past service but instead payment for current services provided while recognizing a person's enhanced value to his or her employer because of the person's many years of experience and knowledge. *See United States v. Alger*, 151 U.S. 362, 363 (1894) (recognizing in naval context that a component of longevity pay was "to compensate for increased professional knowledge and efficiency in officers"). And opinions from this office, including one from a former administration, determined that a commissioners court could adopt a longevity pay policy that includes county officers, so long as the longevity pay operated prospectively to the adoption of the policy. *See* Tex. Att'y Gen. Op. Nos. KP-0060 (2016) at 2, JC-0026 (1999) at 2 (determining that longevity pay based on total years of service, including service performed prior to adoption of policy does not violate article III, section 53).

Article III, section 53 does not preclude a longevity pay formula from including an individual's service that was rendered prior to the adoption of the longevity pay policy. *See* Tex. Att'y Gen. LO-96-007, at 4; *see also* Tex. Att'y Gen. Op. No. JC-0123 (1999) at 2 (determining that a commissioners court could adopt a policy allowing unused leave time to follow an employee who becomes a county officer if the policy operates prospectively). Accordingly, a court would likely conclude that a county's longevity pay policy for county officials may include an individual's prior service as a county employee, provided the longevity pay is earned after the adoption of the longevity policy. *Cf.* Tex. Att'y Gen. Op. No. H-402 (1974) at 2 (concluding that a commissioners court was not authorized to grant back pay unless there had existed, prior to the award of back pay, a policy permitting the practice). To the extent the longevity policy became a county benefit with its adoption in 2008, a court would likely determine the policy was prospectively effective as of that date, and that longevity pay earned after the policy's effective date would comport with article III, section 53. *See* Tex. Att'y Gen. Op. No. GA-0492 (2006) at 2 ("[A] county may provide bonuses based on performance if the county approved a bonus plan before employee recipients performed the work for which the bonuses are given."); *see also*

Request Letter at 3 (stating it is "standard procedure since the longevity policy was created to give officials credit toward longevity for time earned as an employee").

### S U M M A R Y

Provided any longevity pay is earned after the adoption of the longevity policy, a court would likely conclude that a county's longevity pay policy for county officials may include the prior service of the individual as a county employee.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee